# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# SAN ANGELO DIVISION

| | |
|---|---|
| **PATSY K. COPE, individually, and ALEX ISBELL, as dependent administrator of, and on behalf of, the ESTATE OF DERREK QUINTON GENE MONROE and his heirs-at-law** § § § § § § | |
| v. § | CIVIL ACTION NO. 6:18-cv-00015-C |
| § **COLEMAN COUNTY, TEXAS; LESLIE W. COGDILL; MARY JO BRIXEY; and JESSIE W. LAWS** § § § § | |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE SAM CUMMINGS:

Coleman County, Texas, Leslie W. Cogdill, Mary Jo Brixey and Jessie W. Laws, Defendants answer Plaintiffs' Original Complaint as follows:

## Matters Admitted or Denied

1. Defendants lack knowledge or information sufficient to allow them to admit or deny the allegation in ¶ 1 of Plaintiffs' Original Complaint; therefore, deny.

2. Defendants admit an Alex Isbell is the Dependent Administrator of the Estate of Derrek Quinton Gene Monroe. Defendants lack knowledge or information sufficient to allow them to admit or deny the remaining allegations in ¶ 2 of Plaintiffs' Original Complaint; therefore, deny.

3. Defendants admit that Coleman County, Texas is a Texas county and that Billy Bledsoe is the County Judge. Defendants deny the remaining allegations in ¶ 3 of Plaintiffs' Original Complaint.

4. Defendants admit that Cogdill is the Sheriff of Coleman County, Texas and he lives in Coleman County, Texas. Defendants deny the remaining allegations in ¶ 4 of Plaintiffs' Original Complaint.

5. Defendants admit that Brixey lives in Coleman County, Texas. Defendants deny the remaining allegations in ¶ 5 of Plaintiffs' Original Complaint.

6. Defendants admit that Laws lives in Coleman County, Texas. Defendants deny the remaining allegations in ¶ 6 of Plaintiffs' Original Complaint.

7. Defendants admit this Court has original subject matter jurisdiction of this case. Defendants deny the remaining allegations in ¶ 7 of Plaintiffs' Original Complaint and specifically deny that Plaintiffs are entitled to any relief under any of the alleged claims or causes of action.

8. Defendants admit this Court has personal jurisdiction over these Defendants.

9. Defendants admit that venue is proper in the San Angelo Division of the U.S. District Court for the Northern District of Texas.

10. ¶ 10 of Plaintiffs' Original Complaint does not make factual allegations and does not require an admission or denial under FED. R. CIV. PROC. 7.

11. Defendants admit that Derek Monroe is deceased and that he was reportedly 28 years of age at the time of his death. Defendants lack knowledge or information sufficient to allow them to admit or deny the remaining allegations in ¶ 11 of Plaintiffs' Original Complaint; therefore, deny.

12. Defendants admit that Derek Monroe was arrested on September 29, 2017, and that he was admitted to the Coleman County Jail. Defendants deny the remaining allegations in ¶ 12 of Plaintiffs' Original Complaint.

13. Defendants admit that forms were completed for Monroe when he was checked in to the Coleman County Jail on September 29, 2017 one of which included a "Screening Form for Suicide and Medical/Mental/Developmental Impairments." Defendants deny the remaining allegations in ¶ 13 of Plaintiffs' Original Complaint.

14. Defendants admit that one of the questions on the form states "Are you thinking of killing or injuring yourself today? If so, how?" that "Yes" was checked and the note beside it says, "Wished I had a way to do it." Defendants deny the remaining allegations in ¶ 14 of Plaintiffs' Original Complaint.

15. Defendants admit the next question on the form states "Have you ever attempted suicide? If so, when and how?", that "Yes" was checked and the note beside it states "2 wks ago, bunch of pills". Defendants deny any remaining allegations in ¶ 15 of Plaintiffs' Original Complaint.

16. Defendants admit another question on the form states "Are you feeling hopeless or have nothing to look forward to?" the "Yes" box was checked and the note beside it states, "A little." Defendants deny any remaining allegations in ¶ 16 of Plaintiffs' Original Complaint.

17. Defendants admit another question on the form states, "Prior to arrest, did you feel down, depressed, or have little interest or pleasure in doing things?" the "Yes" box was checked and the note beside it states "Because I was already going to prison." Defendants deny the remaining allegations in ¶ 17 of Plaintiffs' Original Complaint.

18. Defendants admit another question on the form states, "Are you extremely worried you will lose your job, position, spouse, significant other, custody of your children due to arrest?" the "Yes" box was checked and the note besides it states "All of the above." Defendants deny any remaining allegations in ¶ 18 of Plaintiffs' Original Complaint.

19. Defendants admit another question on the form states, "Have you ever received services for emotional or mental health problems?" the "Yes" box was checked and the note beside it states, "MHMR Coleman"; that another question states "Have you been in a hospital for emotional/mental health in the last years?" the "Yes" box was checked and the note beside it states, "River Crest 4 yrs ago" and the form indicates Monroe had been previously diagnosed with "some sort of schizophrenia." Defendants deny the remaining allegations in ¶ 19 of Plaintiffs' Original Complaint.

20. Defendants admit another question on the form states "Have you lost/gained a lot of weight in the last few weeks without trying (at least 5 lbs)?" the "Yes" box was checked and the note beside it states "Lost about 10 lbs", that another question on the form states, "Does inmate show signs of depression (sadness, irritability, emotional flatness)?" the "Yes" box was checked and the word "Crying" was written on the form. Defendants deny the remaining allegations in ¶ 20 of Plaintiffs' Original Complaint.

21. ¶ 21 of Plaintiffs' Original Complaint is argument and does not require an admission or denial under FED. R. CIV. PROC. 7. Defendants deny any allegations in ¶ 21 of Plaintiffs' Original Complaint.

22. Defendants admit that an Inmate Mental Condition Report to Magistrate was completed. Defendants deny any remaining allegations in ¶ 22 of Plaintiffs' Original Complaint.

23. Defendants admit that the Inmate Mental Condition Report to Magistrate shown in ¶ 22 of Plaintiffs' Original Complaint makes the statements set out in ¶ 23 of Plaintiffs' Original Complaint. Defendants deny any remaining allegations in ¶ 23 of Plaintiffs' Original Complaint.

24. Defendants admit that MHMR was contacted, and that Monroe was put on a suicide watch. Defendants deny the remaining allegations in ¶ 24 of Plaintiffs' Original Complaint.

25. Defendants deny the allegations in ¶ 25 of Plaintiffs' Original Complaint.

26. Defendants admit that personnel from MHMR arrived at the jail and Monroe was taken to the Coleman County Medical Center. Defendants deny any remaining allegations in ¶ 26 of Plaintiffs' Original Complaint.

27. Defendants admit that Monroe apparently attempted suicide. Defendants deny any remaining allegations in ¶ 27 of Plaintiffs' Original Complaint.

28. Defendants admit Monroe was admitted to the Coleman County Medical Center, was discharged the following day, was returned to the Coleman County Jail, that he apparently attempted suicide by hanging but was unsuccessful. Defendants deny the remaining allegations in ¶ 28 of Plaintiffs' Original Complaint.

29. Defendants admit that Cogdill spoke with Monroe and read the Screening Form for Suicide and Medical/Mental/Developmental Impairments. Defendants deny the remaining allegations in ¶ 29 of Plaintiffs' Original Complaint.

30. Defendants admit Lancaster emailed Cogdill as stated, attached to the email was the Screening Form for Suicide/Medical/Mental/Developmental Impairments, and that Cogdill responded to the email as stated. Defendants deny the remaining allegations in ¶ 30 of Plaintiffs' Original Complaint.

31. Defendants admit MHMR was called, Monroe had another seizure, and that MHMR personnel came to the jail and spent time with Monroe. Defendants deny the remaining allegations in ¶ 31 of Plaintiffs' Original Complaint.

32. Defendants admit Lancaster was on duty the night of September 30, 2017, that Laws came on duty in place of Lancaster, and that only one jailer was on duty after Laws relieved Lancaster. Defendants deny the remaining allegations in ¶ 32 of Plaintiffs' Original Complaint.

33. Defendants admit that a video recording was made of the events the subject of this lawsuit. Defendants deny the remaining allegations in ¶ 33 of Plaintiffs' Original Complaint.

34. Defendants admit a video recording shows some of the events the subject of this lawsuit. Defendant denies the remaining allegations in ¶ 34 of Plaintiffs' Original Complaint.

35. Defendants admit a video recording shows some of the events the subject of this lawsuit. Defendants deny the remaining allegations in ¶ 35 of Plaintiffs' Original Complaint.

36. Defendants admit a video recording shows some of the events the subject of this lawsuit. Defendant denies the remaining allegations in ¶ 36 of Plaintiffs' Original Complaint.

37. Defendants admit a video recording shows some of the events the subject of this lawsuit. Defendants deny the remaining allegations in ¶ 37 of Plaintiffs' Original Complaint.

38. Defendants admit a video recording shows some of the events the subject of this lawsuit. Defendants deny the remaining allegations in ¶ 38 of Plaintiffs' Original Complaint.

39. Defendants admit a video recording shows some of the events the subject of this lawsuit. Defendants deny the remaining allegations in ¶ 39 of Plaintiffs' Original Complaint.

40. Defendants admit a video recording shows some of the events the subject of this lawsuit. Defendants deny the remaining allegations in ¶ 40 of Plaintiffs' Original Complaint.

41. Defendants admit a video recording shows some of the events the subject of this lawsuit. Defendants deny the remaining allegations in ¶ 41 of Plaintiffs' Original Complaint.

42. Defendants admit a video recording shows some of the events the subject of this lawsuit. Defendants deny the remaining allegations in ¶ 42 of Plaintiffs' Original Complaint.

43. Defendants deny the allegations in ¶ 43 of Plaintiffs' Original Complaint.

44. Defendants admit a video recording shows some of the events the subject of this lawsuit. Defendants deny the remaining allegations in ¶ 44 of Plaintiffs' Original Complaint.

45. Defendants admit a video recording shows some of the events the subject of this lawsuit. Defendants deny the remaining allegations in ¶ 45 of Plaintiffs' Original Complaint.

46. Defendants admit a video recording shows some of the events the subject of this lawsuit. Defendants deny the remaining allegations in ¶ 46 of Plaintiffs' Original Complaint.

47. Defendants admit a video recording shows some of the events the subject of this lawsuit. Defendants deny the remaining allegations in ¶ 47 of Plaintiffs' Original Complaint.

48. Defendants admit a video recording shows some of the events the subject of this lawsuit. Defendants deny the remaining allegations in ¶ 48 of Plaintiffs' Original Complaint.

49. Defendants admit a video recording shows some of the events the subject of this lawsuit. Defendants deny the remaining allegations in ¶ 49 of Plaintiffs' Original Complaint.

50. Defendants admit a video recording shows some of the events the subject of this lawsuit. Defendants deny the remaining allegations in ¶ 50 of Plaintiffs' Original Complaint.

51. Defendants admit a video recording shows some of the events the subject of this lawsuit. Defendants deny the remaining allegations in ¶ 51 of Plaintiffs' Original Complaint.

52. Defendants admit a video recording shows some of the events the subject of this lawsuit. Defendants deny the remaining allegations in ¶ 52 of Plaintiffs' Original Complaint.

53. Defendants admit a video recording shows some of the events the subject of this lawsuit. Defendants deny the remaining allegations in ¶ 53 of Plaintiffs' Original Complaint.

54. Defendants admit a video recording shows some of the events the subject of this lawsuit. Defendants deny the remaining allegations in ¶ 54 of Plaintiffs' Original Complaint.

55. Defendants admit a video recording shows some of the events the subject of this lawsuit. Defendants deny the remaining allegations in ¶ 55 of Plaintiffs' Original Complaint.

56. Defendants admit Monroe was taken to the Coleman County Medical Center and was ultimately transferred to Hendrick Medical Center. Defendants lack knowledge or information sufficient to allow them to admit or deny the remaining allegations in ¶ 56 of Plaintiffs' Original Complaint; therefore, deny.

57. Defendants lack knowledge or information sufficient to allow them to admit or deny the allegations in ¶ 57 Plaintiffs' Original Complaint; therefore, deny.

58. Defendants admit that Laws and Brixey gave written statements. Defendants deny the remaining allegations in ¶ 58 of Plaintiffs' Original Complaint.

59. Defendants admit that Laws gave a written statement. Defendants deny the remaining allegations in ¶ 59 of Plaintiffs' Original Complaint.

60. Defendants admit that Brixey gave a written statement. Defendants deny the remaining allegations in ¶ 60 of Plaintiffs' Original Complaint.

61. Defendants admit Monroe had been allowed to take a shower. Defendants deny the remaining allegations in ¶ 61 of Plaintiffs' Original Complaint.

62. Defendants deny the allegations in ¶ 62 of Plaintiffs' Original Complaint.

63. Defendants deny the allegations in ¶ 63 of Plaintiffs' Original Complaint.

64. Defendants admit the custodial death report is quoted correctly.

65. Defendants admit the custodial death report was filed. Defendants deny the remaining allegations in ¶ 65 Plaintiffs' Original Complaint.

66. Defendants admit the custodial death report was filed. Defendants deny the remaining allegations in ¶ 66 Plaintiffs' Original Complaint.

67. Defendants deny the allegations in ¶ 67 of Plaintiffs' Original Complaint.

68. Defendants deny the allegations in ¶ 68 of Plaintiffs' Original Complaint.

69. Defendants deny the allegations in ¶ 69 of Plaintiffs' Original Complaint.

70. Defendants deny the allegations in ¶ 70 of Plaintiffs' Original Complaint.

71. Defendants deny the allegations in ¶ 71 of Plaintiffs' Original Complaint.

72. Defendants deny the allegations in ¶ 72 of Plaintiffs' Original Complaint.

73. Defendants deny the allegations in ¶ 73 of Plaintiffs' Original Complaint.

74. Defendants deny the allegations in ¶ 74 of Plaintiffs' Original Complaint.

75. Defendants deny the allegations in ¶ 75 of Plaintiffs' Original Complaint.

76. Defendants deny the allegations in ¶ 76 of Plaintiffs' Original Complaint.

77. Defendants deny the allegations in ¶ 77 of Plaintiffs' Original Complaint.

78. Defendants deny the allegations in ¶ 78 of Plaintiffs' Original Complaint.

79. Defendants deny the allegations in ¶ 79 of Plaintiffs' Original Complaint.

80. Defendants deny the allegations in ¶ 80 of Plaintiffs' Original Complaint.

81. Defendants deny the allegations in ¶ 81 of Plaintiffs' Original Complaint.

82. Defendants deny the allegations in ¶ 82 of Plaintiffs' Original Complaint.

83. Defendants deny the allegations in ¶ 83 of Plaintiffs' Original Complaint.

84. Defendants deny the allegations in ¶ 84 of Plaintiffs' Original Complaint.

85. Defendants deny the allegations in ¶ 85 of Plaintiffs' Original Complaint.

86. Defendants deny the allegations in ¶ 86 of Plaintiffs' Original Complaint.

87. Defendants deny the allegations in ¶ 87 of Plaintiffs' Original Complaint.

88. Defendants deny the allegations in ¶ 88 of Plaintiffs' Original Complaint.

89. Defendants deny the allegations in ¶ 89 of Plaintiffs' Original Complaint.

90. Defendants deny the allegations in ¶ 90 of Plaintiffs' Original Complaint.

91. Defendants deny the allegations in ¶ 91 of Plaintiffs' Original Complaint,

92. Defendants deny the allegations in ¶ 92 of Plaintiffs' Original Complaint.

93. Defendants deny the allegations in ¶ 93 of Plaintiffs' Original Complaint.

94. Defendants deny the allegations in ¶ 94 of Plaintiffs' Original Complaint.

95. Defendants deny the allegations in ¶ 95 of Plaintiffs' Original Complaint.

96. Defendants deny the allegations in ¶ 96 of Plaintiffs' Original Complaint.

97. Defendants deny the allegations in ¶ 97 of Plaintiffs' Original Complaint.

98. Defendants deny the allegations in ¶ 98 of Plaintiffs' Original Complaint.

99. Defendants deny the allegations in ¶ 99 of Plaintiffs' Original Complaint.

100. Defendants deny the allegations in ¶ 100 of Plaintiffs' Original Complaint.

101. Defendants deny the allegations in ¶ 101 of Plaintiffs' Original Complaint.

102. Defendants deny the allegations in ¶ 102 of Plaintiffs' Original Complaint.

103. Defendants deny the allegations in ¶ 103 of Plaintiffs' Original Complaint.

104. Defendants deny the allegations in ¶ 104 of Plaintiffs' Original Complaint.

105. Defendants deny the allegations in ¶ 105 of Plaintiffs' Original Complaint.

106. Defendants deny the allegations in ¶ 106 of Plaintiffs' Original Complaint.

107. Defendants deny the allegations in ¶ 107 of Plaintiffs' Original Complaint.

108. Defendants deny the allegations in ¶ 108 of Plaintiffs' Original Complaint.

109. Defendants deny the allegations in ¶ 109 of Plaintiffs' Original Complaint.

110. Defendants deny the allegations in ¶ 110 of Plaintiffs' Original Complaint.

111.   Defendants deny the allegations in ¶ 111 of Plaintiffs' Original Complaint.

112.   Defendants deny the allegations in ¶ 112 of Plaintiffs' Original Complaint.

113.   Defendants deny the allegations in ¶ 113 of Plaintiffs' Original Complaint.

114.   ¶ 114 of Plaintiffs' Original Complaint does not require an admission or denial under FED. R. CIV. PROC. 7.

115.   ¶ 115 of Plaintiffs' Original Complaint does not require an admission or denial under FED. R. CIV. PROC. 7.

116.   ¶ 116 of Plaintiffs' Original Complaint does not require an admission or denial under FED. R. CIV. PROC. 7.  Nevertheless, Defendants deny Plaintiffs are entitled to any of the relief requested.

## Affirmative Matters or Defenses

117.   Defendant Coleman County, Texas pleads that it has not implemented, adopted or executed an unconstitutional custom, policy or practice that was the proximate or producing cause of any of Plaintiff's alleged damages.

118.   Defendants plead that they did not violate any of Plaintiff's constitutional rights.

119.   Defendants Cogdill, Brixey and Laws, in their individual capacities, plead that they are entitled to qualified immunity.

120.   Defendants plead Plaintiffs have failed to state a claim for which relief can be granted.

121.   Defendants plead that exemplary or punitive damages are not recoverable against Defendants.

122.   Defendants plead any appropriate requirements for the recovery of damages and punitive damages and any applicable damages caps.

123. Defendants plead that Plaintiffs are not entitled to any relief in this cause.

        Respectfully submitted,

        JACKSON WALKER L.L.P.
        135 W. Twohig Ave., Suite C
        San Angelo, Texas 76903
        jmhogg@jw.com
        (325) 481-2560
        (325) 481-2585 - Facsimile

        By: /s/ Jon Mark Hogg
            Jon Mark Hogg
            State Bar No. 00784286

        ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

This is to certify that on the 3rd day of May, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notice of such filing to all attorneys of record on file.

        /s/ Jon Mark Hogg
        Jon Mark Hogg