IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| PATSY K. COPE, individually, and ALEX ISBELL, as dependent administrator of, and on behalf of, the ESTATE OF DERREK QUINTON GENE MONROE and his heirs-at-law | § § § § § § | |
| v. | § § | CIVIL ACTION NO. 6:18-cv-00015-C |
| COLEMAN COUNTY, TEXAS; LESLIE W. COGDILL; MARY JO BRIXEY; and JESSIE W. LAWS | § § § § | |

### DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BASED ON QUALIFIED IMMUNITY

TO THE HONORABLE JUDGE OF THIS COURT:

LESLIE W. COGDILL, MARY JO BRIXEY and JESSIE W. LAWS, Defendants in their individual capacities ("Defendants"), file this Reply to Plaintiffs' Response to Individual Defendants' Motion for Summary Judgment Based on Qualified Immunity (the "Motion").

### SUMMARY OF THE ARGUMENT

1.  Plaintiffs have failed to bring forward sufficient and competent summary judgment evidence to demonstrate a genuine issue of material fact to defeat Defendants' Motion. Specifically, Plaintiffs cannot create a fact issue regarding whether Defendants acted with deliberate indifference. Plaintiffs also fail to establish Defendants violated a clearly established law. Simply put, Plaintiffs' response contains mere conclusory statements and unsubstantiated assertions, which are insufficient to create a fact question of any of the required elements.

2.  Plaintiffs have the burden to negate qualified immunity in the summary judgment context. *See Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). To overcome qualified immunity, Plaintiffs must show Defendants acted with deliberate indifference to violate a

EXHIBIT A

statutory or constitutional right that was clearly established at the time of the challenged conduct. *See Cass v. City of Abilene*, 814 F.3d 721. 728 (5th Cir. 2016). Because Plaintiffs have failed to create a fact issue regarding all required elements, this Court should grant summary judgment on the basis of qualified immunity and dismiss Defendants from this proceeding.

## ARGUMENT AND AUTHORITIES

### A. The Subjective Deliberate Indifference Standard Governs.

3. At the outset, Plaintiffs seek to apply the incorrect standard to the test for deliberate indifference. Plaintiffs assert that the Supreme Court's decision in *Kingsley v. Hendrickson* requires an objective deliberate indifference test be applied to Section 1983 claims involving pretrial detainees and contend that the Fifth Circuit adopted the *Kingsley* test in *Alderson v. Concordia Parish Correctional Facility*. See 848 F.3d 415, 418 n. 4 (5th Cir. 2017) (citing *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472-73 (2015)).

4. This Court recently addressed the exact same argument and rejected Plaintiffs' position. *See Parham v. City of Burkburnett*, No. 7:17-CV-000036-M-BP, 2018 U.S. Dist. LEXIS 105780, at *11 (N.D. Tex. May 22, 2018). In *Parham*, this Court noted that, contrary to Plaintiffs' contentions, the *Alderson* court affirmed the application of the *Hare* "subjective deliberate indifference standard" to all failure to protect claims, regardless of whether the plaintiff is a pretrial detainee or a prisoner. *See id.* Notably, the *Alderson* Court observed that the Ninth Circuit is the only circuit to have extended *Kingsley* to a pretrial detainee's claims. *See Alderson*, 848 F.3d at 418 n. 4. The Court further stated that because the Fifth Circuit has continued to rely on *Hare* and to apply a subjective standard post-*Kingsley*, the Court is bound by the rule of orderliness to do the same. *See id.* (citing *Estate of Henson v. Wichita Cty.*, 795 F.3d 456 (5th Cir. 2015); *Hyatt v. Thomas*, 843 F.3d 172 (5th Cir. 2016); *Zimmerman v. Cutler*,

657 F. App'x 340 (5th Cir. 2016)). Plaintiffs provide no other authority to require the application of the objective standard. Thus, the subjective test should apply here.

### B. Plaintiffs Cannot Establish Defendants Acted With Subjective Deliberate Indifference

5. Plaintiffs have not provided sufficient evidence to create a fact issue regarding whether Defendants acted with subjective deliberate indifference. Deliberate indifference "describes a state of mind more blameworthy than negligence." *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). The standard requires a showing that an official "refused to treat [an inmate], ignored his complaints, intentionally treated him incorrectly or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." *See Easter v. Powell*, 467 F.3d 459, 464 (5th Cir. 2006). It is well-settled that *negligent inaction* by a jail officer does not violate the due process rights of a detainee. *See Hare III* (citing *Davidson v. Cannon*, 474 U.S. 344 (1986)). To be considered deliberately indifferent to a known suicide risk, an officer's acts must constitute at least more than a mere "oversight." *See Lemoine v. New Horizons Ranch & Ctr., Inc.*, 174 F.3d 629, 635 (5th Cir. 1999).

#### a. Defendants Took Some Action Sufficient to Negate Deliberate Indifference

6. The crux of Plaintiffs' deliberate indifference argument rests on allegations that although some steps were taken to assess Monroe as a suicide risk and prevent his death, those steps were inadequate or ineffectual in preventing his suicide. Such claims cannot form the basis for deliberate indifference. *See Hyatt v. Callahan Cnty.*, No. 1:14-CV-169-C, 2015 U.S. Dist. LEXIS 192692, at *16 (N.D. Tex. June 18, 2015). In *Hyatt*, the jailers took some action to protect Hyatt from self-harm by placing him in a cell with video surveillance, periodically checking on him in addition to the camera monitoring and removing sheets and other hygienic

items that could be used for self-harm. *See id.* at *11. Despite such measures, Hyatt ultimately used a plastic bag that was inadvertently left in his cell to hang himself. *See id.* The Court agreed that the jailer's failure to remove the plastic bag from the cell could be considered negligence. *See id.* But there was no evidence that the jailer had knowledge of the plastic bag in the cell prior to Hyatt's suicide or appreciated the serious harm that could result therefrom. *See id.* at *14. Thus, because the jailer took some action to prevent harm to Hyatt, the Court found he did not act with subjective deliberate indifference. *See id.*

7. Plaintiffs similarly argue here that "more should have been done" to prevent Monroe's death. But Fifth Circuit law is clear that prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk even if the harm ultimately was not averted. *See Hyatt v. Thomas*, 843 F.2d 172, 177 (5th Cir. 2016). The summary judgment evidence establishes that Defendants took affirmative steps to instate preventive measures, including not allowing Monroe to have loose bedding and putting Monroe on suicide watch with cell checks at least every 15 minutes. (Laws Depo, pp. 63 – 64). Additionally, Defendants removed all of Monroe's clothing and potential ligatures from his cell that they thought could result in self-inflicted harm and provided him with a safety smock. (Appx. 172). Defendants' actions are considered reasonable measures to protect Monroe as a pretrial detainee. *See Ybarra-Fuentes v. City of Rosenberg*, 2018 U.S. Dist. LEXIS 195690, at *10 (S.D. Tex. Nov. 16, 2018). Thus, although the harm was ultimately not avoided, the summary judgment evidence establishes that Defendants took reasonable action to prevent harm to Monroe, which negates subjective deliberate indifference.

8. Plaintiffs contend that Defendants acted with deliberate indifference by failing to remove the telephone from Monroe's cell. But Plaintiffs have no evidence to establish that Defendants had any knowledge the cord could cause a serious risk of harm. To the contrary, the summary judgment evidence establishes that Cogdill was not aware of the Technical Assistance Memorandum recommending a shorter phone cord length and Laws had no knowledge otherwise that the cord could cause harm. (Cogdill Dep. 87, 15-22, 192:20 – 193:10). In order to establish deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and also draw the inference. *See Hyatt*, 2015 U.S. Dist. LEXIS 192692, at *13. Plaintiffs have provided no evidence other than conclusory allegations to establish that any of the Defendants had any subjective awareness with respect to the dangers of the phone cord. And contrary to Plaintiffs' position, an incorrect diagnosis or risk classification regarding the dangers of the cord does not amount to deliberate indifference. *See id*. Absent such evidence, Plaintiff has failed to create a fact issue regarding deliberate indifference. *See id*.

      **b.    Plaintiffs' Remaining Arguments Are Red Herrings.**

9. Plaintiffs' remaining arguments regarding deliberate indifference do nothing more than attempt to distract the Court from the proper standard. First, Plaintiffs assert that course materials warned of the "dangers of design and architectural elements" that could be used for hanging and advised that "anything that an inmate can use to hang themselves" should be eliminated. *See* Response, pg. 17. Apart from providing a general warning about the dangers of inmate suicide, the course materials cited by Plaintiffs provide no authority that would shift the deliberate indifference analysis in favor of Plaintiffs. Additionally, although Plaintiffs cite to evidence regarding Defendants' knowledge of the dangers of suicide based on their experience

levels and the course materials, Plaintiffs provide no connection as to how this evidence supports their deliberate indifference position and cite to no authority that would make this evidence create a fact issue on whether Defendants acted with subjective deliberate indifference.

10.     The authority Plaintiffs rely upon to claim that phone cords in jail cells can be used as ligatures and simply having a corded telephone in a cell poses a "substantial risk of serious harm to suicidal detainees" is distinguishable. *Bogamy* is a products liability claim case and *Hayes* provides analysis on the Court's refusal to strike an affirmative defense related to qualified immunity based on the finding that "the Officers were not reckless in leaving him unattended in a room with a pay phone, the cord from which he ultimately used to kill himself." *See Hayes v. City of Des Plaines*, 182 F.R.D. 546, 551 (N.D. Ill. 1998). In *Posey*, the Court specifically found that the corded telephone in Posey's cell alone was not a condition that posed a substantial risk of serious harm and the *Hare* standard was not otherwise met. *See Posey v. Sw. Bell Tel. L.P.*, 430 F. Supp. 2d 616, 622 – 23 (N.D. Tex. 2006). And in *Duran*, the Court found that material fact issues precluded summary judgment because, unlike in this case, the individual Defendants took no action to protect from harm separate and apart from any issues regarding the corded phone in the cell. *See Duran v. City of Eagle Pass, Tex.*, 2012 WL 1593185, at *5-6 (W.D. Tex. 2012). As such, Plaintiffs have not provided this Court with any direct authority to support their argument on this issue. Finally, Plaintiffs' contention that a prison official knew of a substantial risk from the fact that the risk was "obvious" ignores the subjective standard that requires awareness of a risk of serious harm and disregards or ignores the risk. *See Hyatt*, 2015 U.S. Dist. LEXIS 192692, at *13.

11. Plaintiffs further assert that the delay in medical care for Monroe constitutes deliberate indifference. By itself, a delay in medical care does not constitute a constitutional violation. *See Ybarra-Fuentes*, 2018 U.S. Dist. LEXIS 195690, at *8 (citing *Easter*, 467 F.3d at 464). Rather, a delay in medical care can only create a constitutional violation if there has been deliberate indifference that results in substantial harm. Because Plaintiffs cannot establish that Defendants failed to take any measures to provide Monroe with medical care, Defendants' actions do not constitute subjective deliberate indifference and, to the extent any delay occurred, such delay is not a violation of Monroe's constitutional rights.

### C. Plaintiffs Cannot Establish Defendants Violated a Clearly-Established Law or Were Objectively Unreasonable.

12. While the law is clearly established that jailers must take measures to prevent inmate suicides, courts have not established with any clarity as to what those measures must be. *Hare III*, 135 F.3d at 328-29. In fact, the Supreme Court recently clarified that "[n]o decision of this Court establishes a right to the proper implementation of adequate suicide prevention protocols. No decision of this Court even discusses suicide screening or prevention protocols." *See Lamb v. Camaco*, No. EP-16-CV-292-KC-AT, 2017 U.S. Dist. LEXIS 219120, at *16 (W.D. Tex. Oct. 23, 2017) (citing *Taylor v. Barkes*, 135 S. Ct. 2042, 2044 (2015)). Thus, Plaintiffs' contention that the law is "clearly established" with respect to Defendants' obligations in this instance is unfounded and goes beyond the scope of Fifth Circuit authority. Additionally, Plaintiffs' mere allegations in Section IV(B) of their Response that Plaintiffs have "established violations of clearly established constitutional rights" is nothing more than an unsupported conclusory statement that is insufficient to defeat summary judgment.

13. Plaintiffs generally assert that Defendants violated department policies and claim that Defendants took action to place Monroe under a watch where he was "at least 10 minutes away from any effective intervention." *See* Response, p. 14. This argument misstates the law and the evidence. With respect to the legal standard, jailers are neither obligated nor able to watch every inmate at every minute of every day. *See Taylor*, 135 S. Ct. at 2044; *see also Gaston v. Ploeger*, 229 F. App'x 702, 711 (10th Cir. 2007). Thus, Plaintiffs' contention that Defendants' suicide watch was not effective simply because it was not continuous or because it ultimately did not prevent the harm is unfounded. Additionally, the summary judgment evidence establishes that Laws' desk was right outside Monroe's cell. (Laws Depo, pp. 63 – 64). As such, Laws was in close proximity to Monroe at all times and had the ability to "continuously" watch Monroe's cell even if there was not a specific policy requiring such watch.

14. Further, even if Plaintiffs had sufficient evidence that Defendants were violating policies, Plaintiffs have not pointed the Court to any authority establishing that the county's policies were in violation of any clearly established law. In fact, the Supreme Court has never recognized a constitutional right to suicide prevention screening or protocols. *See Lamb*, 2017 U.S. Dist. LEXIS 219120, at *17 (citing *Johnston v. City of Westworth Vill.*, 2017 U.S. Dist. LEXIS 104980, at *14 (N.D. Tex. 2017)). Therefore, Plaintiffs cannot rely on any allegations of a policy violation to negate the clearly established violation prong of the qualified immunity test.

15. With respect to Plaintiffs' claim that Defendants had a duty to not "stand idly by" and should have interfered with Monroe's suicide attempts, the authority cited by Plaintiffs holds that prison officials have a duty to protect prisoners from violence *at the hands of other prisoners* or from *unlawful harm*. *See Cantu v. Jones*, 293 F.3d 839, 844 (5th Cir. 2002); *see also Batiste*

*v. City of Beaumont*, 421 F. Spp. 2d 1000, 1005 (E.D. Tex. 2006) (emphasis added). Plaintiffs cannot rely upon such authority to contend Defendants acted in clear violation of Monroe's constitutional rights in this instance. Plaintiffs also cannot depend on Defendants' alleged noncompliance with portions of the Texas Commission on Jail Standards Technical Assistance Memorandum to support a clearly established violation. First, the Technical Assistance Memorandum that Plaintiffs rely upon contains recommendations, not requirements. Additionally, there is no evidence that Defendants were aware of the Memorandum prior to Monroe's death. (Cogdill Dep. 87, 15-22, 192:20 – 193:10). Even assuming, however, that the Memorandum contained requirements that Defendants were aware of, case law is clear that the failure to comply with a state law or regulation such as jail standards is not a constitutional violation. *See Danese v. Asman*, 875 F.2d 1239, 1245 (6th Cir. 1989). Plaintiffs have not provided any authority to the contrary.

16.   In light of the lack of clearly established law, Plaintiffs have also not established that Defendants acted unreasonably. In this respect, the Fifth Circuit's decision in *Hare* is instructive. *See Hare v. City of Corinth*, 135 F.3d 320, 329 (5th Cir. 1998). The Fifth Circuit found it was not objectively unreasonable to place a known suicidal inmate near camera monitors while being left alone with a blanket. *See id.* Relying on cases involving deliberate indifference, the Court noted numerous situations where no liability was found because defendants took some actions to prevent suicide but failed to take other actions. *See id; see Rhyne v. Henderson County*, 973 F.2d 386, 393 (5th Cir. 1992) (giving a blanket to an inmate who had twice attempted suicide and not requiring continuous observation is not a constitutional violation).

17.     Similar to *Hare*, none of the authority cited by Plaintiffs supports their contentions that Defendants' actions were objectively unreasonable. Defendants took action to place Monroe on suicide watch and engage in 15 minute interval checks. Laws removed all items from Monroe's cell that he thought could cause harm and sat at his desk outside Monroe's cell. Such conduct does not rise to the level of objective unreasonableness against the backdrop of deliberate indifference. *See Southard v. Texas Bd. of Crim. Justice*, 114 F.3d 539, 554 (5th Cir. 1997) (a defendant was entitled to qualified immunity, because he "took some steps" to prevent plaintiff's harm "[e]ven if those steps were ineffectual"). Accordingly, Plaintiffs have not established that Defendants acted objectively unreasonable in light of clearly established law.

18.     Finally, with respect to Plaintiffs' contentions regarding supervisory authority, supervisors are only liable for constitutional violations committed by subordinate employees when supervisors act or fail to act with deliberate indifference to violations of others' constituonal rights committed by their subordinates. *See Alton v. Tex. A&M Univ.*, 167 F.3d 196, 200 (5th Cir. 1999). Plaintiffs have no evidence to establish Cogdill or Brixey acted with deliberate indifference in responding to any alleged violation of Laws. Thus, because Plaintiffs cannot and have not established that any of the Defendants acted with subjective deliberate indifference, liability of any policymaking or supervisory officials is not at issue in this case.

## CONCLUSION AND PRAYER

19.     Simply put, Plaintiffs cannot establish that Defendants acted with deliberate indifference with respect to Monroe's constitutional rights. Additionally, Plaintiffs cannot prove that any of Defendants' actions in attempting to prevent his tragic suicide were in violation of any clearly established law.

ACCORDINGLY, Defendants request that the Court grant their Motion and dismiss all of Plaintiffs' claims against Defendants with prejudice on the basis of qualified immunity and for any other relief to which they are entitled.

Respectfully submitted,

JACKSON WALKER L.L.P.
135 W. Twohig Ave., Suite C
San Angelo, Texas  76903
(325) 481-2560
(325) 481-2585 - Facsimile

By: /s/ Jon Mark Hogg
　　　Jon Mark Hogg
　　　jmhogg@jw.com
　　　State Bar No. 00784286
　　　Amanda N. Crouch
　　　acrouch@jw.com
　　　State Bar No. 24077401

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

This is to certify that on the 18th day of December, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all attorneys of record on file.

/s/ Jon Mark Hogg
Jon Mark Hogg