UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| PATSY K. COPE, individually, and ALEX ISBELL, as dependent administrator of, and on behalf of, the ESTATE OF DERREK QUINTON GENE MONROE and his heirs-at-law, | § § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 6:18-cv-0015-C |
| v. | § § | |
| COLEMAN COUNTY, TEXAS; and LESLIE W. COGDILL; MARY JO BRIXEY; and JESSIE W. LAWS, | § § § | |
| Defendants. | | |

# PARTIES' JOINT STATUS REPORT CONCERNING REMAINING CLAIMS

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Pursuant to the Court's Order (Doc. 56) of July 11, 2022, the parties provide this joint status report as to any and all remaining claims that need to be adjudicated. The following claims, as pleaded by Plaintiffs, remain to be adjudicated:

1. <u>Plaintiffs' Cause of Action Against Coleman County Under 42 U.S.C. § 1983 for Violation of Derrek Quinton Gene Monroe's Constitutional Rights as a Pretrial Detainee to Reasonable Medical Care, to be Protected from Himself, and Not to be Punished.</u>

Plaintiffs have pleaded that Defendant Coleman County ("County") is liable to Plaintiffs (including Plaintiff Cope and all other heirs at law, including two minor children), pursuant to 42 U.S.C. § 1983, for violating the constitutional rights of Derrek Quinton Gene Monroe ("Mr. Monroe) to reasonable medical care, to be protected from himself and others, and not to be punished as a pre-trial detainee, such rights guaranteed by the United States Constitution. These are commonly referred to as "*Monell* claims."

Plaintiffs have pleaded that pretrial detainees are entitled to be protected from themselves and others and not to be punished (since they have not been convicted of any crime resulting in their incarceration). County acted or failed to act under color of state law at all relevant times. County's policies, practices, and/or custom were the moving force behind and caused Mr. Monroe's death and the Plaintiffs' resulting damages. County Sheriff Wade Turner – and later County Sheriff Leslie W. Cogdill – were policymakers for County at all relevant times, and they were the chief policymakers at all such times for County Sheriff's Department (and the County jail at which Mr. Monroe was incarcerated). In the alternative, Jail Administrator Mary Jo Brixey or County Commissioners' Court was County's chief policymaker at all relevant times. County was deliberately indifferent regarding its prisoners with serious medical and mental health issues, and self-harm and suicidal tendencies, as evidenced by allegations set forth in the Factual Allegations section of Plaintiffs' live pleadings, and it acted in an objectively unreasonable manner. Policies, practices, and/or customs referenced in that section, as well as the failure to adopt appropriate policies, were the moving forces behind violation of Mr. Monroe's rights and showed deliberate indifference to the known or obvious consequences that constitutional violations would occur. County's relevant policies, practices, and/or customs were also objectively unreasonable as applied to Mr. Monroe and those similarly situated.

Plaintiffs have pleaded that the United States Court of Appeals for the Fifth Circuit has held that using a state's wrongful death and survival statutes creates an effective remedy for constitutional claims pursuant to 42 U.S.C. § 1983. Therefore, the heirs-at-law, including Plaintiff Cope and Mr. Monroe's minor children, and Mr. Monroe's Estate, seek all remedies and damages available under Texas and federal law, including but not necessarily limited to the Texas wrongful death statute (Tex. Civ. Prac. & Rem. Code § 71.002 et seq.), the Texas survival statute (Tex. Civ.

Prac. & Rem. Code § 71.021), the Texas Constitution, common law, and all related and/or supporting caselaw. Mr. Monroe's estate and/or his heirs at law suffered the following damages, for which they seek recovery from County:

- Mr. Monroe's conscious physical pain, suffering, and mental anguish experienced by him prior to his death;

- Mr. Monroe's medical expenses; and

- Mr. Monroe's funeral expenses.

Plaintiffs have pleaded that the heirs-at-law (including Plaintiff Cope and Mr. Monroe's minor children) also, individually, seek and are entitled to all remedies and damages available to them for the constitutional violations. Plaintiff Cope seeks those damages due to the wrongful death of her biological and legal son, and minor children seek those damages due to the wrongful death of their biological and legal father. The damages suffered by the heirs-at-law were caused and/or proximately caused by County through its policies, practices, and/or customs. If Mr. Monroe had lived, he would have been entitled to bring a 42 U.S.C. § 1983 action for constitutional violations and obtain remedies and damages provided by Texas and federal law. County's actions, policies, practices and/or customs caused, were the proximate causes of, were the producing causes of, and/or were moving forces behind the following damages suffered by Plaintiff Cope, and the minor children, for which they all individually seek compensation:

- loss of services that Plaintiff Cope would have received from her son, Mr. Monroe;

- expenses for Plaintiff Cope for Mr. Monroe's funeral;

- past mental anguish and emotional distress suffered by them resulting from and caused by the death of Mr. Monroe;

- future mental anguish and emotional distress suffered by them resulting from and caused by the death of Mr. Monroe; and

- loss of companionship and society that they would have received from Mr. Monroe.

Moreover, all Plaintiffs in this case seek reasonable and necessary attorneys' fees available pursuant to 42 U.S.C. §§ 1983 and 1988.

2. <u>Plaintiffs' Causes of Action Against Coleman County for Violation of Americans with Disabilities Act and Rehabilitation Act.</u>

Plaintiffs have pleaded that County is liable to Plaintiffs (and Mr. Monroe's heirs-at-law) pursuant to the Americans with Disabilities Act ("ADA") and federal Rehabilitation Act. Plaintiffs will not proceed on these claims.

3. <u>Defendant County's Position.</u>

Defendant County disputes Plaintiffs' claims outlined above as set out in Defendant's most recent live pleading. Defendant concurs that only the Monell claim against the County remains pending.

Respectfully submitted,

| | |
|---|---|
| Law Offices of Dean Malone, P.C. | Jackson Walker L.L.P. |
| By:  /s/ Kristen Leigh Homyk<br>Kristen Leigh Homyk | By:  /s/ Jon Mark Hogg<br>Jon Mark Hogg |
| Attorney-in-Charge: | Jon Mark Hogg<br>Texas State Bar No. 00784286 |
| T. Dean Malone<br>Texas State Bar No. 24003265<br>dean@deanmalone.com<br>Law Offices of Dean Malone, P.C.<br>900 Jackson Street, Suite 730<br>Dallas, Texas 75202<br>Telephone:   (214) 670-9989<br>Telefax:       (214) 670-9904 | jmhogg@jw.com<br>Jackson Walker L.L.P.<br>135 Twohig Ave., Suite C<br>San Angelo, TX  76903<br>Telephone:   (325) 481-2560<br>Telefax:       (325) 481-2585<br><br>Attorneys for<br>Defendant Coleman County, Texas |

Of Counsel:

Kristen Leigh Homyk
Texas State Bar No. 24032433
kristen.homyk@deanmalone.com
Brandie A. Moser
Texas State Bar No. 24123223
brandie.moser@deanmalone.com
Law Offices of Dean Malone, P.C.
900 Jackson Street, Suite 730
Dallas, Texas 75202
Telephone:   (214) 670-9989
Telefax:       (214) 670-9904

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

      I hereby certify that on July 12, 2022, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a notice of electronic filing to the following attorneys:

Jon Mark Hogg
Jackson Walker, L.L.P.
135 W. Twohig Ave, Suite C
San Angelo, Texas  76903

                                                     /s/ Kristen Leigh Homyk
                                                     Kristen Leigh Homyk