IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| PATSY K. COPE, et al | § § | |
| v. | § § | CIVIL ACTION NO. 6:18-cv-00015-H |
| COLEMAN COUNTY, TEXAS | § | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO EXCLUDE TESTIMONY OF DEFENSE EXPERT JOHN T.VANCE

TO THE HONORABLE JUDGE JAMES WESLEY HENDRIX:

#### SUMMARY

Plaintiffs Motion to Exclude the testimony of Defendant's expert witness John Vance should be denied. Vance was timely and properly designated. He is qualified to evaluate the facts of this case and express an opinion as to the circumstances surrounding the suicide of Monroe, the conditions of confinement in the Coleman County Jail and whether such conditions caused the death of Monroe. His opinions are based on the facts, evidence, discovery, the pleadings, court opinions and depositions in this case.

#### ARGUMENT

It should be noted first that this is not the typical *Daubert* motion. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). It is not a motion complaining about junk science, peer reviewed studies, scientific data, analysis, or interpretation. Plaintiffs motion does not raise any of those concerns. On the contrary it is in essence a motion in limine or objections to the expert report, not the opinions or testimony of Vance under *Daubert* and its progeny.

Plaintiffs' motion complains about certain phrases or use of words in Vance's expert report that should not be stated in front of the jury for various reasons. Many of these sound like discovery objections, or objections that should be made at trial. An expert report by itself is hearsay and in and of itself is not admissible at trial in front of a jury. Its purpose is to give the other party notice as to what the opinions of the expert will be at trial in order to prepare for cross-examination. An expert report is sufficiently complete, detailed, and in compliance with the rules if surprise is eliminated, unnecessary depositions are avoided and costs are reduced. *Kim v. Nationwide Mutual Ins. Co.*, 614 F. Fupp 3d 475, 484 (N.D. Tex. 2022). Its purpose is to prevent ambush at trial.. *Id*.

### PLAINTIFF'S OBJECTIONS TO VANCE

Plaintiffs object to John Vance testifying as an expert reason for the following reasons:

A.   Vance is not qualified to opine on county policies, practices and jail conditions; and

B.   Vance's opinions are not reliable or relevant in two ways,

   1. Vance's opinions are not based on sufficient facts or data;

   2. Vance draws improper conclusions.

### DEFENDANT'S EXPERT DESIGNATION OF VANCE

Plaintiffs misread Defendant's Expert Designation as proffering Vance as an expert on jail policies, procedures and jail conditions in general. That is not what Vance was designated for and he does not offer opinions as an expert on jail conditions. He was very specifically designated to testify about "Monroe's detention, the policies and procedures of the Coleman County Jail related to his detention, the facts and circumstances surrounding Monroe's suicide and death, and the conditions of confinement at the Coleman County Jail." (Dkt. 141, 1). His

2.

report specifically states that he was "asked to render opinions relating to the actions concerning the conditions of confinement in the Coleman County, Jail." (Dkt 141,4). Whether the conditions of confinement at the Coleman County Jail constituted punishment of Monroe is the only question left for the Court to determine.

### A.    VANCE'S QUALIFICATIONS ARE SUFFICIENT

Vance's vitae and report identify that his expertise is in criminal and special investigations. While his training knowledge and experience are not limited to jail conditions and jail deaths, he lists jail death investigations as one of the duties he performed as a Texas Ranger. (Dkt 141,5). To the extent Plaintiffs complaint is that Vance did not list in detail every in-custody death he investigated during his career, and how exactly each of those investigations are related to his opinions in this case is not what Rule 26(a)(2) requires. Those are issues related to the weight of the evidence, the credibility of the witness. These are properly the subject of cross-examination.

It is well known that in-custody deaths in Texas are not investigated by the jail where the detainee was housed or the sheriff's department. They are investigated by a law enforcement agency other than the local law enforcement agency operating the county jail. 37 TAC §269.1 (5)(B) (2025). The law enforcement agency that is assigned the investigation is determined by the Texas Commission on Jail Standards. Id. While this does not have to be a Texas Rangers, the Rangers are the agency typically assigned that duty.

Vance has worked as a jailer and been in law enforcement for over thirty years. He served first as a county jailer then a deputy sheriff in Walker County. During that time he attended Sam Houston State University where he earned a Bachelor of Science in Criminal

Justice in 1994. He then worked for the Texas Department of Public Safety from 1995 until he retired in 2023. For fifteen of those years he served as a Texas Ranger, reaching the rank of Sergeant. One of his duties as a Ranger was investigating in-custody deaths.

He holds or has held numerous law enforcement certifications and licenses. He has held numerous academic positions and taught at the university level. He also has testified as an expert witness in numerous civil and criminal cases all across Texas, in state and federal courts. Vance has the qualifications to testify as an expert witness on the matters for which he was designated, that being the in-custody death, its cause and the policies/conditions of confinement in which Monroe was kept at the Coleman County Jail.

### B.   VANCE'S OPINIONS ARE RELEVANT AND RELIABLE

#### (1)   Vance's Opinions Are Based on Facts and Data

All the information Vance reviewed and relied upon in forming his conclusions and preparing his report are set forth in the report. Plaintiffs present no specific objection to any of the actual evidence relied upon by Vance. They do not identify any evidence or facts Vance cites in his report that they claim is wrong or unreliable. While they may disagree with his conclusions or opinions about the significance of that evidence, that does not a basis to exclude the Vance from testifying. Vance relies on the same facts, discovery, depositions and information that both parties have been citing in multiple motions, briefs and appeals for close to five years now. Very few facts, if any, are legitimately contested.

The main objection to the report appears to be that Vance makes statements about "subjective knowledge, beliefs or mental impressions of other people." While such questions or

statements may be objectionable at trial, that does not render an expert opinions based on those facts inadmissible.

Plaintiffs object to specific written statements within the report, not to the facts on which those statements are based. For example, they object to Vance's characterization that Monroe was engaging in "negative behavior", that he "beat on the walls in a fit of rage." But they do not object to the fact that Monroe became violent when denied his clothes and began beating on the walls. The mere inclusion of such phrases in an expert report does not make the overall opinions and conclusions invalid. Vance may not be allowed to make such characterizations at trial if there is an objection, but they do not disqualify his opinions.

Plaintiffs also object to Vance's statement that Jailer Laws was attempting to deescalate the situation by speaking to Monroe through the cell bars. Their objection is that the video has no audio so there is no possible way Vance could tell Laws was speaking to Monroe from the video. This argument is misleading. The actual statement written in Vance's report is "This video confirms Jailer Laws statement that he attempted to de-escalate Mr. Monroe by speaking calmly to him through the bars." (Dkt. 143,9) He was not stating that he could tell from the video that Laws was speaking to Monroe. He stated only that the video confirmed Laws' statement. There is nothing improper in making such a statement, which is a reasonable conclusion drawn from the evidence.

Plaintiffs also complain about such phrases as "could have continued his relationship with the inmate who was in cell #," "the majority of jails in Texas have a policy restricting a jailer from making entry into a cell alone," "Jailer Laws would have been putting his life on the line to make entry into the cell alone to rescue [Derrek]," and "Jail staff demonstrated the desire

5.

to provide [Derrek] with any medical care he needed." Without belaboring the point, these are all conclusions and opinions drawn from the evidence. They are not objections that Vance relied on unreliable evidence in rendering his opinions. This is not a basis to exclude Vance as an expert witness.

### (2) Vance's Conclusions Are Proper

Plaintiffs complain that Vance's opinions are legal conclusions or commentaries on the weight and caliber of the evidence and tell the jury how to view the issues the jury must decide. Those opinions are that the county complied with the Fourteenth Amendment, the conditions of confinement did not constitute punishment or that the conditions are related to legitimate governmental objectives. But the specific items Plaintiffs object to from the report are mere recitations of the law as understood by a seasoned law enforcement investigator with over thirty years' experience.

They complain that he mentions the Texas Commission on Jail Standard Commission regulations on minimum staffing levels as they applied to Coleman County. This is not a legal opinion. It is a conclusion made by applying the existing law to the facts of the case. It directly relates to Plaintiff's claims as one of the complaints of conditions of confinement in this case is that only one jailer was on duty at the time of Monroe's suicide.

Next they complain because Vance recites the legal standard and definition of "conditions of confinement". This is not a determination or opinion as to what the law is. It is simply the expert correctly stating the law that is informing his opinions. He is using that law and applying it to the facts of this case to come to his conclusions. Nowhere does he take issue with

the statement of law listed in the report. He even acknowledges that the language is taken straight from relevant case law.

Plaintiffs go on to complain that it is up the jury to decide what policies, practices, or customs existed and whether those policies, practices of customs were the moving force behind any violation of Derrek's constitutional rights. (Dkt. 142, 17). This is an argument for a *Monell* claim not a conditions of confinement claim. This Court and the Fifth Circuit have already dismissed all *Monell* claims with prejudice.

They go on to complain about Vance's description of the 2005 Technical Assistance Memorandum on the length of phone cords as "a suggestion and not a directive". Plaintiff claim this is an improper legal determination. Vance's comment was based on the language of the memorandum itself and is not attempting to draw or determine a legal question. As to the County budget, Vance's opinions are based upon the testimony of Sheriff Cogdill.

## Conclusion

Plaintiffs' real complaint is they do not want Vance to testify because his opinion contradicts their experts and their narrative. Vance's opinion is that the conditions of confinement of Monroe did not constitute punishment in violation of the Fourteenth Amendment and did not cause Monroe's suicide. As this Court knows, experts are permitted to offer opinions as to the ultimate question at issue under Rule 702. Vance is not asserting a legal opinion, he is applying the law on conditions of confinement as set out by the U.S. Supreme Court to the facts in this case. The claimed objections to Vance's opinions go to the weight of the evidence or opinions, not to the admissibility of them.

WHEREFORE, Defendant requests that Plaintiff's Motion to Exclude Expert Testimony of Defense Expert John T. Vance be denied.

Respectfully submitted,

By: /s/ Jon Mark Hogg
    Jon Mark Hogg
    State Bar No. 00784286

JON MARK HOGG PLLC.
421 W. Concho Ave.
San Angelo, Texas 76903
jmh@jmhogglaw.com
(325) 777-0455

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that on August 18, 2025, I electronically filed this document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all attorneys of record on file.

/s/ Jon Mark Hogg
Jon Mark Hogg

8.