UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| PATSY K. COPE, et al.<br><br>　　Plaintiffs,<br><br>v.<br><br>COLEMAN COUNTY,<br><br>　　Defendant. | No. 6:18-CV-015-H |

## ORDER

Before the Court is the plaintiffs' motion to exclude the expert testimony of defense expert John T. Vance (Dkt. No. 142), along with Coleman County's response (Dkt. No. 149) and the reply (Dkt. No. 153).[1]  As detailed below, the motion is denied.

When determining the admissibility of expert-witness testimony, the Federal Rules of Evidence provide:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Similarly, the Supreme Court in *Daubert* held that the trial court must determine at the outset whether the expert is proposing to testify to "(1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." *Daubert v. Merrell Dow*

---

[1] The Court has also reviewed the Defendant's Second Amended Expert Witness Designation and Disclosures.  Dkt. No. 141.

*Pharms., Inc.*, 509 U.S. 579, 592 (1993).  Key to the inquiry is the quality of the scientific knowledge and whether it has been or can be tested, whether the theory or technique has been subjected to peer review and publication, what the known or potential rate of error is, and what the state of the existence and maintenance of standards controlling the technique's operation is.  *Id.* at 593–94.  The court must further weigh whether the theory or technique is "generally accepted" within the relevant scientific community.  *Id.* at 584.

Evidence is relevant if it "(1) has any tendency to make a fact more or less probable than it would be without the evidence; and (2) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  This evidence is still controlled by Fed. R. Evid. 403, which indicates that evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

Here, the plaintiffs first contend that Coleman County's expert, John Vance, is not qualified to opine on the conditions at Coleman County Jail.  *See* Dkt. No. 142 at 10–14.  The Court disagrees.  An expert may be qualified by "knowledge, skill, experience, training, or education," or a combination thereof.  Fed. R. Evid. 702(a); *United States v. Wen Chyu Liu*, 716 F.3d 159, 168 (5th Cir. 2013).  "A lack of specialization should generally go to the weight of the evidence rather than its admissibility."  *Wen Chyu Liu*, 716 F.3d at 168.

Coleman County contends Vance has experience and can testify to "Monroe's detention, the policies and procedures of the Coleman County Jail related to his detention, the facts and circumstances surrounding Monroe's suicide and death, and the conditions of confinement at the Coleman County Jail."  Dkt. No. 149 at 2 (citing Dkt. No. 141 at 1).

The County further notes that Vance's report states that he was "asked to render opinions relating to the actions concerning the conditions of confinement in the Coleman County[] Jail." Dkt. No. 149 at 3 (citing Dkt. No. 141 at 4). Upon review, the Court notes that Vance has expertise in special investigations of jail suicides as a former Texas Ranger with the Texas Department of Public Safety. Dkt. No. 141 at 4–5. He also has experience as a jailer and a deputy sheriff, along with a degree in criminal justice. *Id*. Further, he holds numerous law enforcement certifications and licenses, and he has taught at the university level. *Id*. Given these facts, Coleman County asserts that "Vance has the qualifications to testify as an expert witness on the matters for which he was designated, that being the in-custody death, its cause[,] and the policies/conditions of confinement in which Monroe was kept at the Coleman County Jail." Dkt. No. 149 at 4. The Court agrees.

The plaintiffs next urge that Vance's methodology is unreliable and not relevant. Dkt. No. 142 at 14–18. To determine reliability, a court should consider (1) whether the expert's theory has been or can be tested; (2) whether the theory has been subject to peer review and publication; (3) the known or potential rate of error of a technique or theory when applied; (4) the existence and maintenance of standards and controls; and (5) the degree to which the technique or theory has been generally accepted in the scientific community. *Daubert*, 509 U.S. at 593–95. However, as such considerations may not be pertinent to an expert's testimony, "it is appropriate for the trial court to consider factors other than those listed in *Daubert*," such as the expert's "personal observations, professional

experience, education[,] and training." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 247 (5th Cir. 2022).

After reviewing Vance's report, the Court finds that Vance's testimony is relevant because it has a "tendency to make a fact [of consequence] more or less probable than it would be without the evidence[.]" *See* Fed. R. Evid. 401.  Moreover, his testimony "will help the trier of fact to understand the evidence or to determine a fact in issue." *See* Fed. R. Evid. 702.  Specifically, Vance has experience as a former Texas Ranger in investigating in-custody deaths and the causes for such deaths.  He has testified on numerous occasions in state and federal courts to offer his opinions on such matters as the policies and conditions of confinement that may or may not have contributed to the in-custody deaths.  Dkt. No. 141 at 26–27.  Most jurors have little exposure to such matters, and his testimony will likely assist the jurors in this case to understand the complexities of the policies at issue and the purposes of such policies.  The plaintiffs may disagree with his conclusions or opinions about the significance of the evidence, but that is not a basis to exclude the testimony.  Vance relies on the same facts, discovery, depositions, and information that both parties have been citing in multiple motions, briefs, and appeals—and that will be considered by the jury in this case.

The plaintiffs further argue that the probative value of Vance's testimony is outweighed by a danger of unfair prejudice and confusing the issues.  They contend his testimony could mislead the jury because he makes statements in his report that should be in the purview of the jury.  In essence, the plaintiffs argue that Vance's conclusions and opinions drawn from the evidence may be given undue weight by the jury on matters the jury should be able to decide on their own.  Coleman County counters that Vance is simply

applying the facts of this case and the law as he understands it from his three decades in law enforcement to come to his conclusions. Dkt. No. 149 at 6. The Court notes that experts are permitted to offer opinions as to the ultimate question at issue under Rule 702. Vance may not be allowed to make certain characterizations at trial if the plaintiffs raise a valid objection at that time. But the issues the plaintiffs take with his opinions contained in his report do not disqualify him from testifying and assisting the jury to understand the evidence or determine a fact in issue. *See* Fed. R. Evid. 702.

Finally, the plaintiffs contend that Vance's conclusions are improper. Dkt. No. 142 at 18–24. In response, the County asserts that Vance's conclusions are proper because the plaintiffs' objections are merely that the report contains recitations of the law as understood by a seasoned law enforcement investigator with over thirty years' experience. Dkt. No. 149 at 6. After review, it is clear that Vance thoroughly considered normal jail standards and relied on the underlying facts of the case—largely not in dispute—and applied the law as he understood it to those facts. In conjunction with his extensive experience, education, and training, the Court determines that Vance's testimony is based on a reliable foundation and is relevant to aid the jury. *See Pipitone*, 288 F.3d at 247.

The remainder of the plaintiffs' objections go to the weight of Vance's testimony rather than its admissibility. Namely, the plaintiffs assert that "just taking the expert's word for it is not the standard for accepting expert testimony." Dkt. No. 153 at 1. First, the plaintiffs argue "Vance does not articulate how his experience with jail death investigations qualifies him to opine on jail policies and practices and jail conditions." *Id*. at 3. Second, the plaintiffs contend that "the County does not explain how Vance's remote experience as a jailer and unrelated academic positions qualify him to opine on the specific information at

issue in this case." *Id*. Lastly, the plaintiffs assert that "Vance, for the most part, merely speculates about what others are thinking and makes recommendations regarding what findings a jury should make, which is within the sole province of the jury and requires no expertise." *Id*. at 4. But each of these contentions bear on weight and not admissibility. Thus, these issues "should be left for the jury's consideration." *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004) (quoting *United States v. 14.38 Acres of Land, More or Less Situated in Leflore County,* 80 F.3d 1074, 1077 (5th Cir. 1996)). Opposing counsel is free to vigorously cross-examine Vance, present contrary evidence, and argue that the defendant has not met its burden. *See Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").

The Court finds that: (1) Vance is qualified to offer relevant testimony by his knowledge, skill, experience, training, or education; (2) his testimony will assist the trier of fact to understand the evidence or to determine a fact in issue; (3) his testimony is the product of reliable principles and methods; and (4) he has reliably applied the principles and methods to the facts. Fed. R. Evid. 702; *Daubert*, 509 U.S. at 592–93 (expert testimony is admissible when the proponent demonstrates that the expert is qualified, the testimony is relevant, and the testimony is the product of reliable methodology applied to the facts).

Accordingly, the plaintiffs' motion to exclude expert testimony of defense expert John T. Vance (Dkt. No. 142) is denied.

So ordered on October 27th, 2025.

                                                  JAMES WESLEY HENDRIX
                                                  UNITED STATES DISTRICT JUDGE